IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRE'VON A. WOODARDS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1950-B-BH |
| | § | |
| CREDIT KARMA, LLC, JP MORGAN | § | |
| CHASE & CO., WELLS FARGO | § | Referred to U.S. Magistrate Judge[1] |
| BANK, N.A., TRANSUNION, | § | |
| EQUIFAX INC., THE FEDERAL | § | |
| GOVERNMENT, and EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC., | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is the defendant's *JP Morgan Chase &Co.'s 12(b)(6)*

*Motion to Dismiss*, filed August 26, 2021 (doc. 3), *Defendant Wells Fargo Bank, N.A.'s Motion to*

*Dismiss Pursuant to Rule 12(b)(6), and Motion for a More Definite Statement Pursuant to Rule*

*12(e) and Brief in Support*, filed August 26, 2021 (doc. 5), and the defendant's *Credit Karma,*

*LLC's Motion to Dismiss the Complaint*, filed August 30, 2021 (doc. 11). Based on the relevant

filings and applicable law, the motions to dismiss should be **GRANTED**, and the alternative

motions for a more definite statement are **DENIED as moot**.

## I.    BACKGROUND

On July 21, 2021, Tre-von A. Woodard (Plaintiff) filed this *pro se* action in the 134th

Judicial District Court of Dallas County, Texas, against Wells Fargo, Credit Karma, LLC (Credit

---

[1] By Standing Order of Reference filed August 27, 2021 (doc. 8), this case has been referred for pretrial management.

Karma), JP Morgan Chase & Co. (Chase), Experian Information Solutions, Inc. (Experian), Transunion, Equifax Inc. (Equifax), and the "Federal Government"[2] (collectively, Defendants). (*See* doc. 1-4.) The entirety of his petition states:

> CIVIL COMPLAINT
> Discrimination
>
> PUNITIVE DAMAGES
> Civil Asset Forfeiture of property owned by Defendant
> Market Cap: $80 Billion

(*See id.* at 1.)[3] On August 20, 2021, Wells Fargo removed this case to the Northern District of Texas on grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* doc. 1) On August 26, 2021, Wells Fargo moved to dismiss Plaintiff's complaint for failure to state a claim, and alternatively, for a more definite statement. (*See* doc. 5.) The same day, Chase moved to dismiss Plaintiff's complaint for failure to state a claim, and Experian joined in Chase's motion the next day. (*See* docs. 3, 6.) On August 30, 2021, Credit Karma moved to dismiss Plaintiff's complaint for failure to state a claim, and alternatively, for a more definite statement.[4] (*See* doc. 11.) Plaintiff did not respond to any of the motions.

## II.    MOTION TO DISMISS

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure

---

[2] Plaintiff named Grants.gov, Health and Human Services, and Federal Government as defendants. (*See* doc. 1-4 at 1.) They are collectively referred to as the Federal Government.

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4] Transunion, Equifax, and the Federal Government have not been served and have not yet entered an appearance. (*See* docs. 1-3 at 2-3; 1-7 at 4-5.)

12(b)(6). (*See* docs. 3 at 1; 5 at 1; 11 at 5.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

Here, other than the request for relief, the entirety of Plaintiff's complaint consists of one word: "discrimination."  While his *pro se* pleadings are to be provided "a liberal construction," *see Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012), there are no factual allegations or citations to any statute under which he seeks to sue that inform the defendants of the basis for his claim. (*See* doc. 1-4.) As noted, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal, *Guidry*, 954 F.2d at 281, and a plaintiff must provide "more than labels and conclusions," *Twombly*, 550 U.S. at 555. Even viewed in the light most favorable to him, Plaintiff's pleadings fail to meet that standard, and his discrimination claim should be dismissed for failure to state a claim.

## III.    REMAINING DEFENDANTS

Plaintiff's claims against the unserved defendants (Equifax, Transunion, and the Federal Government) for discrimination fail for the same reasons they fail against the moving defendants.

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing

*Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss." *See id.* at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)) (internal quotations omitted). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object to it satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Because he has also failed to state a claim against the unserved defendants, the claims against them should be dismissed *sua sponte*. *See Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 946 (S.D. Tex. 2004) (dismissing complaint as to remaining unserved defendants for failure to state a claim); *Hix v. Bosque County, Texas*, 2016 WL 3688439, at *8 (W.D. Tex. July 6, 2016) (recommending dismissal of all claims against remaining unserved defendants based on moving defendant's motion).

## IV.   OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). "'Generally[,] a district court errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011)

(quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Courts therefore typically allow

*pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court

order.[5] *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004

WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless,

may appropriately dismiss an action with prejudice without giving an opportunity to amend when

the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the

court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample

opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995)

(noting the passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that

the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff

nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss

the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*,

2001 WL 627600, at *2-3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept.

13, 1988)).

Here, although Plaintiff has not amended his petition since filing this action, he failed to

file a response to any of Defendants' motions after being specifically invited to do so twice. (*See*

docs. 9, 13.) Nevertheless, it does not appear that Plaintiff has stated his best case with respect to

his discrimination claim. He should accordingly be offered an opportunity to amend his complaint

---

[5] A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

to sufficiently state a claim for relief.

## V.   RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allowed for objections to this recommendation, or by a deadline otherwise set by the Court, Defendants' motions to dismiss should be **GRANTED**, and Plaintiff's claims against them should be **DISMISSED with prejudice** for failure to state a claim. His claims against the unserved defendants should be **DISMISSED with prejudice** *sua sponte* for failure to state a claim.  If Plaintiff timely files an amended complaint, however, Defendants' motions to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.[6]  Defendants' alternative motions for a more definite statement are **DENIED as moot.**

SO RECOMMENDED on this 24th day of January, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Because it has been recommended that Defendants' motions to dismiss Plaintiff's complaint under Rule 12(b)(6) be granted, their alternative motions for a more definite statement under Rule 12(e) should be denied as moot.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE